IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| RICHARD WAYNE GILLINGHAM, | Cause No. CV-06-016-M-LBE |
| Petitioner, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| MIKE MAHONEY, | |
| Respondent. | |

_____

This matter comes before the Court on Petitioner Richard Wayne Gillingham's Petition and Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Dkt. #s 1 and 2) and his Motion to Proceed In Forma Pauperis (Dkt. # 3).

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears Petitioner lacks sufficient funds to prosecute this action, Petitioner's Motion to Proceed In Forma Pauperis (Dkt. # 3) will be granted.

II. **PARTIES**

Petitioner Richard Gillingham is a state prisoner incarcerated at the Montana State Prison.

The named Respondent is Mike Mahoney, Warden of the Montana State Prison and current custodian of Petitioner.

### III.   FACTUAL AND PROCEDURAL HISTORY

Mr. Gillingham is seeking to challenge an August 30, 2005 state court revocation of his August 6, 1993 suspended sentence for assault and sexual assault. According to a state court order on a motion to dismiss the petition to revoke Mr. Gillingham's sentence, Mr. Gillingham pled guilty pursuant to a plea bargain agreement to assault and sexual assault. As part of the state court's written order, Mr. Gillingham was required to leave the United States and go to Canada but he was to remain under the jurisdiction of the Montana Department of Corrections and the Adult Parole and Probation Bureau of the State of Montana. His suspended sentence was also conditioned on the terms that he have no unsupervised contact with children, no employment involving supervision of children and not using any other name other than Richard Gillingham. (State v. Gillingham, Docket No. DC-92-10313, Order and Memorandum dated May 9, 2005).

In 1996, the state moved to revoke Mr. Gillingham's suspended sentence alleging that Mr. Gillingham had been teaching Sunday school to children, teaching woodworking to children and attempting to obtain a birth certificate for a deceased Canadian resident for the purpose of establishing a new identity. Id.

Mr. Gillingham was extradited to Montana where according to his petition, his suspended sentence was revoked by the Missoula County District Court on August 30, 2005. Mr. Gillingham admits

in his petition that he did not appeal the revocation of his sentence, he did not file a petition for post-conviction relief, and did not file a petition for writ of habeas corpus. He states that he has not appealed to the Montana Supreme Court because his issue is a federal issue and that the State courts are without jurisdiction.

## IV.   PETITIONER'S ALLEGATIONS

Petitioner alleges that he was illegally removed from Canada and that the state district court lacked jurisdiction to revoke his suspended sentence.

## V.   PRELIMINARY CONSIDERATION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court requires courts to examine a petition before ordering a respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

The Court finds that Mr. Gillingham's petition should be dismissed for failure to exhaust his state court remedies.

## VI.   ANALYSIS

While Mr. Gillingham may have a federal issue to raise, he cannot do so without first attempting to exhaust this issue in state court. Although Mr. Gillingham's contends that it would be futile to pursue redress at the state court level, federal law

requires that he do exactly that before filing a petition in this Court.  He is in custody pursuant to a state court judgment and thus he must allow the state courts an opportunity to correct any alleged errors even if they involve federal issues of law.

Before a federal court can entertain a petition for writ of habeas corpus filed by a state prisoner, the petitioner must exhaust available state remedies with respect to claims he seeks to raise in federal court.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  The district court must dismiss the federal petition if the petitioner has failed to exhaust the available state remedies.  28 U.S.C. § 2254(b); Mannes v. Gillespie, 967 F.2d 1310, 1316 n.6 (9th Cir. 1992), cert. denied 506 U.S. 1048 (1993); Wasko v. Vasquez, 820 F.2d 1090, 1092 (9th Cir. 1987).

The exhaustion requirement is grounded in principles of comity and reflects a desire to protect the state courts' role in the enforcement of federal law.  Young v. Kenny, 907 F.2d 874, 876 (9th Cir. 1989) cert. denied 498 U.S. 1126 (1991)(citing Preiser v. Rodriquez, 411 U.S. 475, 491-92 (1973)).  The exhaustion requirement is designed to give the state the initial opportunity to pass upon and correct alleged violations of prisoner's rights.  Picard v. Connor, 404 U.S. 270, 275 (1971).  In addition, the requirement is based upon a pragmatic recognition that federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.  The exhaustion

rule, while not a jurisdictional requirement, creates a strong presumption in favor of requiring the prisoner to pursue his available state remedies. Castille v. Peoples, 489 U.S. 346 (1989).

The burden of showing that state court remedies have been exhausted remains on the petitioner. Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). Petitioner may satisfy the exhaustion requirement by providing the highest state court with an opportunity to rule on the merits of his claims (Picard, 404 U.S. 270), or by showing that at the time the petition was filed in federal court, no state remedies remained available to petitioner and none were deliberately bypassed in favor of federal court. Engle v. Isaac, 456 U.S. 107, 125 (1982).

However, it is not sufficient merely that the federal habeas applicant has been through the state courts, (Picard, 404 U.S. at 275-76), nor is it sufficient that all the facts necessary to support a federal habeas claim were before the state courts or that a somewhat similar state-law claim was made. Anderson v. Harless, 459 U.S. 4, 6 (1982). This Court is also precluded from hearing factual allegations that were not before the state courts. Hudson v. Rushen, 686 F.2d 826 (9th Cir. 1982).

The state courts must be provided with a fair opportunity to apply controlling legal principles to facts bearing on petitioner's constitutional claim. Anderson, 459 U.S. 4. A claim is exhausted when the operative facts and legal theory on

which the claim is based are fairly presented to the state courts.  <u>Tamapua v. Shimoda</u>, 796 F.2d 261, 262 (9th Cir. 1986).

It is clear from the petition that Mr. Gillingham has not exhausted his state court remedies.  Accordingly, his petition should be dismissed.

This Court's recommendation will now be presented to the Article III District Court Judge who will make a determination whether or not to adopt this recommendation.  Petitioner has the opportunity to file objections to this recommendation as set forth below.  However, Petitioner is strongly encouraged to proceed as expeditiously as possible in state court.  State post-conviction petitions are subject to a one-year statute of limitations.  <u>See</u> Mont. Code Ann. § 46-21-102 (2003).  Federal petitions are also subject to a one-year statute of limitations; time is tolled while a petitioner has an action directed to the same judgment pending in state court, but time is <u>not</u> tolled while an unexhausted petition, like the present one, is pending in <u>federal</u> court.  <u>See</u> 28 U.S.C. § 2244(d).  Finally, Mr. Gillingham is advised that there is a one-petition rule with respect to state petitions for post-conviction relief, <u>see</u> Mont. Code Ann. § 46-21-105 (2003), and with respect to federal petitions for writs of habeas corpus, <u>see</u> 28 U.S.C. § 2244(b).  Thus, he must assert in his state petition all claims presently available to him or risk losing the opportunity to be heard on those claims in the future.

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE/ PAGE 6

Based on the foregoing, the Court enters the following:

## ORDER

Petitioner's Motion to Proceed In Forma Pauperis (Dkt. # 3) is **GRANTED**.

Further the Court enters the following:

## RECOMMENDATION

That Richard Gillingham's Petition for Writ of Habeas Corpus be **DENIED WITHOUT PREJUDICE** based upon his failure to exhaust his state court remedies.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of this Order and Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived.

Petitioner shall notify the Court immediately if his address changes. Failure to do so may be cause for dismissal of this case without further notice.

DONE and DATED this  8th  day of March, 2006.

      /s/ Leif B. Erickson
      Leif B. Erickson
      United States Magistrate