IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE GILLINGHAM, | ) | CV 06-16-M-LBE |
| Petitioner, | ) ) ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner has filed a Petition and Amended Petition for Writ of Habeas Corpus seeking to challenge the August 30, 2005 revocation of his August 6, 1993 suspended sentence in the state of Montana for assault and sexual assault. United States Magistrate Judge Leif B. Erickson conducted preliminary screening of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases, which requires a petition to be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

-1-

relief in the district court." Pursuant to that rule, Judge Erickson issued Findings and Recommendations on March 14, 2006, concluding that the Petition should be denied for failure to exhaust state court remedies.

Petitioner did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Petitioner's failure to exhaust his state court remedies is fatal to his Petition and requires dismissal. 28 U.S.C. § 2254(b). Finding no clear error with Judge Erickson's Findings and Recommendations, I adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Petition and Amended Petition are DENIED WITHOUT PREJUDICE based on Petitioner's failure to exhaust his state court remedies.

DATED this 23 day of May, 2006.

Donald W. Molloy, Chief Judge
United States District Court